UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT EHRLICH, 100 ROSLYN AVENUE LLC
and SEA CLIFF COFFEE COMPANY, INC.,

                Plaintiffs,

- against -

THE INCORPORATED VILLAGE OF SEA CLIFF,
EILEEN KREIB, individually and as Mayor of the
Village of Sea Cliff and as former Village Trustee,
CLAUDIA MOYNE, individually and as former Mayor
of the Village of Sea Cliff, RICHARD A. SIEGEL,
individually and as Village Attorney for the Village of
Sea Cliff, THE BOARD OF TRUSTEES FOR THE
INCORPORATED VILLAGE OF SEA CLIFF, PAUL
MARCHESE, PETER HAYES, ROBERT HAIM, and
ELENA VILLAFANE, individually and constituting
the Board of Trustees, THE ZONING BOARD OF
APPEALS OF THE INCORPORATED VILLAGE OF
SEA CLIFF, GEORGE BEVAD, THOMAS POWELL,
JOHN BRADY, DINA EPSTEIN, JAMES O'DONNELL
and PATRICIA HARRIGAN, individually and
constituting present and former members of the Board of
Zoning Appeals, the PLANNING BOARD FOR THE
INCORPORATED VILLAGE OF SEA CLIFF, JOHN
D. NAGY, FRED EDER, GERARD IZZO, NORMAN
PARSONS, and LAURIE MARTONE, constituting the
current members of the Planning Board, and DAVID
DERIENZIS and JEFFREY MONGNO, individually and
as current and former Building Inspectors for the
Incorporated Village of Sea Cliff,

                Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 04-4025 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**        P<small>RELIMINARY</small> S<small>TATEMENT</small>

      Defendants move, pursuant to Rules 26 and 37(a) of the Federal Rules of Civil Procedure,

for an order compelling disclosure of witness identifications and permitting Rule 45 subpoenas to

be served for the deposition of "Jimmy Devries" and "such other witnesses as plaintiffs may untimely disclose in response to the requested order, outside the existing cutoff period." [DE 100]   Although Plaintiffs' counsel states, in a cover letter accompanying her response, that her papers "oppose" the motion to compel, the contents of the response contain only a proffered explanation from counsel as to why the disclosure of the last name of Devries was rendered late.  The opposition letter also states that counsel cannot produce names of additional witnesses because she does not have any to produce.

## II.    BACKGROUND

The events surrounding this motion concern an incident which allegedly took place on March 18, 2003 – election night in the Village of Sea Cliff – during which Plaintiff Ehrlich claims that one of the defendants, Paul Marchese, then a Village Trustee, allegedly yelled religious epithets at Plaintiff Ehrlich from across the street. [DE 100]  Ehrlich first testified about this event on December 6, 2005.  *Id.*  According to Defendants' counsel, this March 18 incident is  significant because "Ehrlich has zero direct evidence of anti-semetic [*sic*] behavior by any individual defendant, other than this supposed March 18, 2003 event."  *Id.*  Defendants' counsel points to several purported contradictions in Ehrlich's deposition testimony concerning this issue and argues that Plaintiffs' counsel improperly delayed disclosing the identities of those present at the March 18, 2003 event until February 9, 2007.  *Id.*

Additionally, defense counsel states that at his deposition, Ehrlich testified that "there were at least half a dozen other people" who witnessed the alleged slur and Defendant's counsel wishes to know the identities of these individuals.  *Id.*   In opposing the motion, Plaintiffs' counsel details her efforts to locate her notes of the witness interviews. [DE 102]  Eventually,

2

Plaintiffs' counsel states, she found her missing notepad and immediately provided all of the contact information which she had concerning the witnesses to the March 18, 2003 event. *Id.* Plaintiffs' counsel does not dispute, however, that she did not produce the last name of this purportedly crucial witness, "Jimmy," until February 9, 2007 – six days before the close of discovery, a deadline which I advised the parties in singularly direct language that I would not extend.

### III.   STANDARD OF REVIEW

A motion to compel is entrusted to the sound discretion of the district court. *American Sav. Bank, FSB v. UBS Paine Webber, Inc.,* (*In re Fitch, Inc.*), 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that this is because a "trial court enjoys wide discretion in it handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah*, (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

### IV.   DISCUSSION

Fed. R. Civ. P. 26(a)(1)(A) mandates that a party must provide the name, and if known, the address and telephone number of "each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses…" Fed. R. Civ. P. 26(a)(1)(A). Parties are also required to supplement such requisite disclosures in accordance

3

with Rule 26(e). *Shred-IT USA, Inc. v. Confidential Shredding, LLC,* No. 03-CV-1816, 2005 WL 2290448, at *2 (E.D.N.Y. Sept. 20, 2005) (citing *Emmpresa Cubana Del Tabaco v. Culbro Corp.,* 213 F.R.D. 151, 159 (S.D.N.Y.2003)). It is clear that Plaintiffs had a duty to seasonably amend their Rule 26(a) disclosures. *See, e.g., JTH Tax, Inc. v. Liberty Tax & Business Services, Corp.*, No. 05-CV-1290, 2006 WL 2516473, at *2 (E.D.N.Y. Aug. 29, 2006); Fed. R. Civ. P. 26(e).

It is not disputed here that Plaintiffs did not include the name of Jimmy Devries in the Rule 26(a) disclosures, and I have no proof before me whether the names of any of the other purported "half dozen other people" who allegedly witnessed the March 18, 2003 event are contained in the Rule 26(a) disclosures. Notwithstanding Plaintiffs' duty to do so, it is also undisputed that they never supplemented their Rule 26(a) disclosures to include the names of those witnesses. Likewise, there is no indication that Plaintiffs provided this information in response to any interrogatory. Nor did Plaintiffs' counsel respond in a timely fashion to the repeated requests of Defendants' counsel to obtain the names of these purported witnesses prior to the approaching final deadline for discovery.

From the list of witnesses contained in the joint pre-trial order, it is unclear whether Plaintiffs' counsel intends to call at least some of these individuals as witnesses at trial. As stated in my prior Orders, discovery in this matter is closed. Jury selection has been set by Judge Wexler for June 4, 2007.

I find Plaintiffs' conduct with regard to this specific matter not only inexplicable, but difficult to excuse. Plaintiff testified to this individual's importance as a witness during his various days of deposition beginning in December of 2005. To provide the information on the

4

eve of the final deadline for discovery without substantial justification for doing so is both unpersuasive and unacceptable.

The issue, then, concerns what remedy Defendants have based on this failure to timely disclose. Fed. R. Civ. P. 37(c)(1) provides that "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The purpose of this Rule is to prevent the practice of "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). Some district courts in this Circuit have read a "bad faith" requirement into Rule 37(c)(1), holding that this type of remedy should not be imposed unless "the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995). However, as Judge Pauley noted in a recent decision, the Second Circuit has not yet addressed the issue and "it is an open question whether bad faith or willfulness is required before testimony may be excluded under Rule 37(c)(1)." *Fleming v. Verizon New York, Inc.*, No. 03-CV-5639, 2006 WL 2709766, at *8 (S.D.N.Y. Sept. 22, 2006) (citing *Wantanabe Realty Corp. v. City of New York*, No. 01-CV-10137, 2004 WL 169751, at *2, n. 2 (S.D.N.Y. Jan. 28, 2004)).

Plaintiffs' counsel states that she misplaced her notes, subsequently found them, and then immediately produced the information to Defendant's counsel. [DE 102] Additionally, Plaintiffs' counsel asserts that the only information which she had was the full name of one of the witnesses, Jimmy Devries, and his telephone number. *Id.* Further, in her letter Plaintiffs' counsel delineates certain extenuating personal circumstances which delayed the production of

this information.  Based upon the submissions before me on this issue, I am unable to conclude that Plaintiffs' counsel acted in bad faith.   Nevertheless, counsel's actions do reflect certain carelessness and failure to comply with the rules of discovery.   In addition, there is no reason why Plaintiff Ehrlich himself did not come forward with the information since it is clear that he possessed it at some point, and, presumably, gave it to counsel.  As a result, Defendants have been denied an opportunity to depose purported eyewitnesses concerning their recollection of the events of March 18, 2003.   The failure to disclose the names of these witnesses – particularly in light of their asserted first-hand knowledge of an incident crucial to the claim of religious discrimination in this case – represents a complete disregard for the rules.  *See Fleming v. Verizon New York, Inc.*, 2006 WL 2709766, at *8.

The parties are now on the eve of trial.  Jury selection is set for June 4, 2007 and the trial is set to commence on June 11.   I note, however, that Jimmy Devries' name does not appear on either witness list included in the proposed joint pretrial order.  In light of the trial timetable, I am GRANTING Defendants' motion to serve a subpoena to take the deposition of Jimmy Devries should counsel still wish to proceed with the deposition and should counsel have located Mr. Devries in the interim.    If necessary, I will provide Defendants' counsel with an Order to accompany a subpoena for expedited service so that the deposition can be taken in the days prior to trial.   In addition, since Plaintiffs have not identified by name any other witness to the alleged incident of March 18, 2003, with the exception of P.J. Gorski, Plaintiffs are precluded from introducing any such witness at trial.   Plaintiffs are also precluded from introducing Jimmy Devries at trial unless the deposition of Mr. Devries has occurred by the time of trial.

## V. Conclusion

For all of the foregoing reasons, Defendants' motion to compel is hereby GRANTED to the extent set forth above.

Dated: Central Islip, New York
       June 1, 2007

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge