UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT EHRLICH, 100 ROSLYN AVENUE LLC
and SEA CLIFF COFFEE COMPANY, INC.,

                Plaintiffs,

      - against -

THE INCORPORATED VILLAGE OF SEA CLIFF,
EILEEN KREIB, individually and as Mayor of the
Village of Sea Cliff and as former Village Trustee,
CLAUDIA MOYNE, individually and as former Mayor
of the Village of Sea Cliff, RICHARD A. SIEGEL,
individually and as Village Attorney for the Village of
Sea Cliff, THE BOARD OF TRUSTEES FOR THE
INCORPORATED VILLAGE OF SEA CLIFF, PAUL
MARCHESE, PETER HAYES, ROBERT HAIM, and
ELENA VILLAFANE, individually and constituting
the Board of Trustees, THE ZONING BOARD OF
APPEALS OF THE INCORPORATED VILLAGE OF
SEA CLIFF, GEORGE BEVAD, THOMAS POWELL,
JOHN BRADY, DINA EPSTEIN, JAMES O'DONNELL
and PATRICIA HARRIGAN, individually and
constituting present and former members of the Board of
Zoning Appeals, the PLANNING BOARD FOR THE
INCORPORATED VILLAGE OF SEA CLIFF, JOHN
D. NAGY, FRED EDER, GERARD IZZO, NORMAN
PARSONS, and LAURIE MARTONE, constituting the
current members of the Planning Board, and DAVID
DERIENZIS and JEFFREY MONGNO, individually and
as current and former Building Inspectors for the
Incorporated Village of Sea Cliff,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

CV 04-4025 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.       PRELIMINARY STATEMENT

      By Order dated February 14, 2007, I granted Defendants' motion to compel [DE 99] and directed Plaintiffs' counsel to produce the following categories of documents no later than

February 15, 2007: (1) documents which Magistrate Judge Orenstein ordered produced on December 15, 2005; (2) documents set forth in the attachment to the Rule 45 subpoena served by Defendants upon Martin Radensky; and (3) documents demanded in Defendants' December 29, 2006 Supplemental Notice for Discovery & Inspection. Additionally, I advised Plaintiffs that they could submit a written response to the Court by February 14, 2007 if they believed they could meet the high threshold test of "extraordinary circumstances" for having failed to meet these discovery obligations.

By letter dated February 14, 2007, Plaintiffs' counsel: (1) responds to Defendants' motion to compel, which I previously granted in my February 14, 2007 Order; (2) moves for reconsideration of my February 14, 2007 Order; and (3) cross-moves for a protective order concerning certain business information which Plaintiffs contend is confidential.

## II. STANDARD OF REVIEW

Motions for reconsideration under Fed. R. Civ. P. 59(e) are governed by Local Civil Rule 6.3, which states that the motion must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. A motion for reconsideration is within the sound discretion of the district court. *See Metro. Opera Assoc. v. Local 100*, No. 00-CV-3613, 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004); *Bueno v. Gill*, 237 F. Supp. 2d 447, 449 (S.D.N.Y. 2002).

With regard to a protective order, Rule 26(c)(4) permits the Court, upon motion by a party, to issue a protective order limiting the scope of discovery or disclosure. *See United States v. New York City Bd. of Educ.*, No. 96-CV-374, 2005 WL 1949477, at *1 (E.D.N.Y. Aug. 15, 2005). Specifically, Rule 26(c)(4) provides,

> Upon motion by a party or by the person from
> whom discovery is sought... the court in which
> the action is pending or alternatively, on matters
> relating to a deposition, the court in the district
> where the deposition is to be taken may make any
> order which justice requires to protect a party or
> person from annoyance, embarrassment, oppression,
> or undue burden or expense, including one or more
> of the following... (4) that certain matters not be
> inquired into, or that the scope of the disclosure
> or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c)(4).

In deciding whether to issue a protective order, courts utilize a two-part balancing test. *Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496 (S.D.N.Y. 1985) (citing *Kaufman v. Edelstein*, 539 F.2d 811, 821 (2d Cir. 1976)). Under this balancing test, the discovering party's need for the information is weighed against the moving party's potential injury in having that information disclosed. *See Apex Oil Co.*, 110 F.R.D. at 496 (citing *Buckley v. Valeo*, 424 U.S. 1, 64-65 (1979)).

### III. DISCUSSION

#### A. MOTION FOR RECONSIDERATION

As an initial matter, the portion of Plaintiffs' motion seeking reconsideration is procedurally defective because it does not comport with Local Civil Rule 6.3, which provides:

> A notice of motion for reconsideration or reargument of a court order
> determining a motion shall be served within ten (10) days after the entry of the
> court's determination of the original motion, or in the case of a court order
> resulting in a judgment, within ten (10) days after the entry of the judgment.
> There shall be served with the notice of motion a memorandum setting forth
> concisely the matters or controlling decisions which counsel believes the court
> has overlooked. The time periods for the service of answering and reply memoranda,
> if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the
> original motion. No oral argument shall be heard unless the court directs that
> the matter shall be reargued orally. No affidavits shall be filed by any party

3

unless directed by the court.

Since Plaintiffs' motion does not include a memorandum of law setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked, the motion is hereby DENIED.[1] It well settled that in the Second Circuit, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bell Sports, Inc. v. Sys. Software Assoc., Inc.*, 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999). This heightened burden imposed on the movant is "to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the D.O.T. of the City of New York*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), *modified on other grounds*, 934 F.2d 450 (2d Cir. 1991).

The scope on a motion for reconsideration is therefore, extremely narrow and has been described as an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Plaintiffs do not cite any controlling decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Furthermore, as I noted in my February 14, 2007 Order, Magistrate Judge Orenstein directed that certain items were to be

---

[1] I note that Plaintiffs' counsel did submit a Memorandum of Law in support of its cross-motion for a protective order which is annexed as Exhibit "17" to Plaintiffs' motion. However, the Memorandum does not address any factual or legal arguments regarding reconsideration of the Court's February 14, 2007 Order. Additionally, Plaintiffs' counsel has violated Local Civil Rule 6.1 by submitting an Affirmation in support of reconsideration without first seeking leave of the Court to do so.

provided in his Order of December 15, 2005, when the parties were present in court. *See* [DE 41]. Magistrate Judge Orenstein also cautioned Plaintiffs' counsel on the record during the conference that responsive information not so disclosed will neither be offered nor received in evidence at trial absent good cause. In addition, production of those items was agreed to on the record by Plaintiffs' then counsel, Ronald J. Rosenberg, Esq. Therefore, given these circumstances, Plaintiffs have provided no basis for reconsideration of my February 14, 2007 Order.

### B. MOTION FOR A PROTECTIVE ORDER

A protective order permits parties to designate as "confidential" materials produced in discovery that the producing party believes in good faith are properly protected under Rule 26(c)(7), which extends to "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(7); *see also In re Zyprexa Prod. Liab. Litig.*, Nos. 04-MD-1596, 05-CV-4115, 05-CV-2948, 2007 WL 959031, at *2 (E.D.N.Y. Mar. 30, 2007). In deciding whether to impose a protective order, I am required to balance the discovering party's need for the information against the moving party's potential injury in having that information disclosed. *See Apex Oil Co.*, at 496 (citing *Buckley*, 424 U.S. at 64-65). Plaintiffs' counsel has submitted an *ex parte* affirmation outlining the need for a protective order. Without getting into the details of that submission, I note that the reason for the protective order does fall within one of the enumerated categories set forth in Fed. R. Civ. P. 26(c)(7), namely, that the material at issue may well constitute sensitive commercial information as set forth in the February 14, 2007 Affidavit of Robert Ehrlich which states that "I have either directly or through one or another of the non-party business entities, several sensitive business deals in process and

5

do not wish to see information obtained by Defendants misused to disrupt the profitability of those transactions." Ehrlich Aff. ¶ 21.

In opposition to the motion, Defendants argue that "Plaintiffs' position appears to be that we should take plaintiffs' general ledgers, profit and loss statements and tax returns (which were all generated by plaintiffs) at face value and that our demand for supporting documentation (e.g. bank statements, cancelled checks, cash register tapes, credit card receipts and daily close out worksheets) is unduly burdensome and made in bad faith." [DE 111]

The report prepared by Plaintiffs' expert, Certified Public Accountant, Scott C. Singer, asserts that "if the restaurant was able to operate under normal conditions, and start serving sushi from inception the sales volume from inception to 9/30/06 would have increased by $2,272,388." *See* Ex. 5 [DE 107]. In employing the balancing test set forth in *Apex Oil Co.*, I find that Defendants' need for information to rebut Singer's assertion outweighs Plaintiffs' potential injury in having the information disclosed. Defendants are entitled to supporting documentation relied upon by Plaintiffs' expert to clarify and accurately illuminate Plaintiffs' corporate structure and income for purposes of potential rebuttal concerning the amount of damages alleged by Plaintiffs. Obviously, Plaintiffs cannot use these financial records both as a sword and a shield – particularly where Plaintiffs have commenced this action and bear the ultimate burden of proof. The more usual and sensible approach would be for the parties to have entered into a Stipulation and Order of Confidentiality which could be "so-ordered" by the Court. Defendants' counsel stated previously in the record of this case that Defendants were prepared to sign and abide by such an agreement. [DE 111] However, it appears that the ongoing mistrust among the parties involved here have thwarted the efforts to reach a consensus on this issue.

As noted in my February 14, 2007 Order, "any objections to the production of these documents by Plaintiffs are long since waived." [DE 106] Under the Federal Rules and common law, courts have routinely held that objections not timely stated may be deemed waived. *See, e.g.*, *Melendez v. Greiner*, No. 01-CV-7888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003); *Techsearch Serv., Inc. v. Gorman*, No. 97-CV-7641, 1999 WL 33024, at *2 (S.D.N.Y. Jan. 21, 1999). I find that Plaintiffs' counsel's failure to timely raise an objection to certain demands at issue here, some of which are over a year old and have already been repeatedly directed to be produced, constitutes a waiver. *See Republic Prod., Inc. v. Am. Fed'r of Musicians*, 30 F.R.D. 159, 162 (S.D.N.Y. 1962) (citing *Laverett v. Cont'l Briar Pipe Co.*, 25 F. Supp. 790 (1938)) (holding that the conduct of plaintiffs waived its objections). A waiver based upon a failure to timely object applies not only to general objections to discovery demands, but also to a motion for a protective order which "must be served before the date set for production." *United States v. Int'l Bus. Mach. Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976).

Therefore, the issues raised in Plaintiffs' motion for a protective order have either already been waived or otherwise do not satisfy the test set forth in *Apex Oil Co.*, necessary for the imposition of a protective order.[2] I am directing Plaintiffs' counsel to immediately turn over any such documents which may have been withheld pending the outcome of this motion. Further, I

---

[2] Plaintiffs' course of conduct with regard to producing financial records raises ongoing issues. In particular, I note that in his February 14, 2007 Affidavit, Plaintiff Ehrlich states that "I am not aware of any entity known as Robscape, LLC and cannot fathom how financial records of such an entity, if it exists, would be related to the causes of action set forth in the Amended Complaint." Ehrlich Aff. ¶ 4. In contrast, the very first fact set forth in Schedule "A" of the proposed Joint Pre-Trial Order's "Stipulated Facts" reads as follows: "Plaintiff 100 Roslyn Avenue LLC's predecessor was Robscape, LLC."

am imposing an "attorneys' eyes only" directive with respect to who, among Defendants, may be privy to reviewing these documents. To the extent that Defendants need to rely on any of these documents at trial, the "attorneys' eyes only" directive will be lifted solely for that purpose during the course of trial.

    C.    **DEFENDANTS' APRIL 5, 2007 MOTION TO COMPEL**

In a separate letter motion dated April 5, 2007, Defendants have moved to compel the production of documents and testimony by Plaintiffs' damages expert, CPA Scott C. Singer. [DE 112] The materials sought in this motion are the same or substantially similar to those sought above relating to Plaintiffs' calculation damages. Defense counsel states that they have moved to compel because Plaintiffs' counsel "announced that she will not produce documents responsive to our expert discovery demands unless the Court first rules on plaintiffs' motion for reconsideration of the Court's February 13, 2007 Discovery Order." *Id.* Plaintiffs' counsel denies this assertion in her April 10, 2007 letter in opposition, but notes that "it is my subjective belief that all sides believed they would have those decisions prior to the depositions of the expert witnesses." [DE 113] Plaintiffs' counsel also discusses several logistical scheduling obstacles concerning Plaintiffs' expert including his busy workload during the tax filing deadline and his vacation plans, which hindered the discovery relating to Singer and his report. *Id.*

Absent a request, a motion for reconsideration does not ordinarily stay discovery. *See Riley Stoker Corp. v. Fidelity and Guar. Ins. Underwriters, Inc.*, No. M8-85, 1992 WL 27092, at *1 (S.D.N.Y. Feb. 6, 1992); *see also Agudas Chasidei Chabad of United States v. Gourary*, No. 85-CV-2909, 1989 WL 18724, at *1 (E.D.N.Y. Feb. 23, 1989) (motion to stay discovery made independent of motion for reconsideration). In my February 8, 2007 Civil Conference Minute

8

Order, I reminded the parties that all discovery closed on February 15, 2007 with the limited exception of allowing Defendants until February 26, 2007 to serve rebuttal expert reports. [DE 95]

The initial Complaint in this case was filed on September 16, 2004 and there have been a total of six Case Management and Scheduling Orders as well as numerous extensions of discovery deadlines. The filing and pendency of motions did not obviate the parties' obligations to provide discovery and comply with the prior Orders of the Court. In my February 14, 2007 Order, I noted that Plaintiffs' "failure to comply with this Order, as they have failed to comply with the previous Order of Magistrate Judge Orenstein, may result in the imposition of sanctions by the Court, including monetary penalties and preclusion orders, any may further subject Plaintiffs to a contempt proceeding." I note that Scott C. Singer is listed on Plaintiffs' expert witness list in the parties' joint pre-trial order. [DE 115] In light of the impending June 11, 2007 trial date, I am GRANTING Defendants' motion to compel [DE 112] and ordering Plaintiffs to provide Defendants no later than 10 a.m. on June 4, 2007 with the complete expert discovery that should have been produced here, including the remaining documentation utilized by Mr. Singer and all other documents demanded by Defendants and previously ordered by this Court. If the materials are not in the possession of Defendants' counsel by that date and time, Plaintiffs are precluded from utilizing Mr. Singer as an expert witness in this case.

## IV.     CONCLUSION

For the foregoing reasons, although Plaintiffs are not entitled to a protective order, I am directing the imposition of an "attorneys' eyes only" restriction on the specific documents

referenced above, subject to the conditions noted. Therefore, Plaintiffs' cross-motion for reconsideration of my February 14, 2007 Order, is DENIED and I am GRANTING Defendants' motion to compel to the extent set forth herein. [DE 112]

**SO ORDERED.**

Dated: Central Islip, New York
June 1, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge