```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ROBERT EHRLICH, et al.,

                    Plaintiffs,           MEMORANDUM AND ORDER

       -against-                          CV 04-4025 (LDW) (AKT)

THE INCORPORATED VILLAGE OF
SEA CLIFF, et al.,

                    Defendants.
----------------------------------------------------X
WEXLER, District Judge
```

Plaintiffs brought this action against the Incorporated Village of Sea Cliff (the "Village"); the Village's Board of Trustees, Zoning Board of Appeals and Planning Board (collectively, the "Boards"); and the mayor, village attorney, building inspector and members of the Boards, each in their official and individual capacities. Plaintiffs asserted federal claims under 42 U.S.C. § 1983 for religious discrimination and violation of due process and equal protection, as well as various supplemental state claims.

During trial, the Court dismissed plaintiffs' supplemental state claims without prejudice. The Court also dismissed all but one of plaintiffs' federal claims and dismissed all defendants except the Village and two individuals, as plaintiffs failed to present evidence supporting a federal claim against any of the remaining defendants. The Court allowed the action to proceed to the jury only as to plaintiffs' federal claim against the Village and defendants Paul Marchese ("Marchese") and Claudia Moyne ("Moyne") based on anti-Semitic remarks Ehrlich claimed were directed at him by Marchese and Moyne. The jury returned a verdict for these remaining defendants.

Defendants now move for an award of attorney's fees as prevailing defendants under 42

U.S.C. § 1988. In this respect, defendants bring the following separate motions for attorney's fees: (1) the Boards, seeking $117,050.80; (2) the Village attorney, Richard A. Siegel ("Seigel"), seeking $184,265.87; (3) the Village building inspector, David DeRienzis ("DeRienzis"), seeking $52,914.69; and (4) the Village and the remaining individual defendants, including Marchese and Moyne, seeking $870,382.00. Plaintiffs oppose the motions.

A prevailing defendant may be awarded attorney's fees under § 1988 if the Court finds that the plaintiff's claim was " 'frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it became clearly so.' " Hughes v. Rowe, 449 U.S. 5, 15 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).

Upon consideration, the Court awards attorney's fees to the Boards, Siegel and DeRienzis, as plaintiffs' federal claims against these defendants were groundless. Indeed, there was no evidence whatsoever of unlawful or discriminatory conduct by these defendants.

As for DeRienzis, the Court awards the full amount of attorney's fees requested, as the number of hours expended and the hourly rates requested are reasonable and because it appears that he would have incurred the same fees regardless of the presence of the state claims. Thus, the amount awarded to DeRienzis is $52,914.69.

As for Siegel, the Court awards an amount for all of the hours expended because it appears that he would have incurred the same hours regardless of the presence of the state claims. However, the amount requested must be reduced to reflect a reasonable rate for paralegals/law clerks. While Siegel requests $135 per hour for paralegals/law clerks, the Court finds that a reasonable rate is $80 per hour. Because Siegel claims 140.06 hours for paralegals/law clerks, the amount awarded must be reduced by $7,703.30. Thus, the amount

awarded to Siegel is $176,562.57 ($184,265.87 less $7,703.30).

As for the Boards, the number of hours expended and the hourly rates requested are reasonable, but the fee application does not differentiate between the amount attributable to the federal claims and the amount attributable to the state claims. Under the circumstances, the Court finds that a reduction of 20% of the fees requested is a reasonable approximation of the amount attributable to the presence of the state claims in the action. Thus, the amount awarded to the Boards is $93,640.64 ($117,050.80 less 20%).

As for the Village and remaining individual defendants, the Court finds that an award of attorney's fees is appropriate as to these defendants except for the Village, Marchese and Moyne. Indeed, there was no reference at trial to most of these individual defendants, let alone any evidence whatsoever of unlawful or discriminatory conduct by the individual defendants other than Marchese and Moyne. Although the number of hours expended for the representation of this group of defendants is reasonable, the fee application does not sufficiently distinguish between the amount attributable to the Village, Marchese and Moyne, on the one hand, and the amount attributable to the other defendants in this group, on the other. In addition, the hourly rate as to paralegals/law clerks must be reduced from the requested rate of $135 per hour to $80 per hour. Because these defendants claim 616.80 hours for paralegals/law clerks, the amount requested, $870,382.00, must be reduced by $33,924.00, leaving $836,458.00.

Upon consideration, the Court concludes that 70% of the amount requested, i.e., $585,520.60 (70% of $836,458.00), is a reasonable approximation of the amount attributable to the defendants in this group other than the Village, Marchese and Moyne, and that the same hours would have been incurred as to these individual defendants regardless of the presence of

the state claims. Thus, the amount awarded to the remaining defendants other than the Village, Marchese and Moyne is $585,520.60.

Based on the above, the Court grants defendants' motions for attorney's fees in the following amounts: (1) the Boards, $93,640.64; (2) Siegel, $176,562.57; (3) DeRienzis, $52,914.69; and (4) the remaining defendants other than the Village, Marchese and Moyne, $585,520.60.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      August 18, 2008